UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. § 3512 FOR ORDER FOR COMMISSIONER'S APPOINTMENT FOR INVESTIGATION OF MARKET MANIPULATION SCHEME | 20-MC-2848 |

APPLICATION OF THE UNITED STATES FOR AN ORDER
FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, David J. Lizmi, Assistant United States Attorney, United States Attorney's Office for the Eastern District of New York, (or a substitute or successor subsequently designated by the United States Attorney's Office for the Eastern District of New York), as a commissioner to collect evidence and to take such other action as is necessary to execute this and any subsequent, supplemental requests for assistance with the above-captioned criminal matter from the Portuguese Republic (Portugal). In support of this application, the United States asserts:

RELEVANT FACTS

1. The Competent Authority of Portugal, the Prosecutor General's Office, submitted a request for assistance (the Request) to the United States, pursuant to the Instrument Between the United States of America and Portugal as contemplated by Article 3(3) of the Agreement on Mutual Legal Assistance Between the United States of America and the European Union, signed 25 June 2003, U.S.-Port., July 14, 2005, S. TREATY DOC. NO. 109-13 (2006) (the Treaty). As

stated in the Request, the Public Prosecutor's Office in Lisbon, Portugal, is investigating Yoel "Jack" Goldenberg for a market manipulation scheme, which occurred from approximately May 2017 through January 2018, in violation of the criminal law of Portugal; specifically, Section 378(1)(A) of the Portuguese Decree 486/99 of November 12. A copy of the applicable law is included as Attachment A to this application. Under the Treaty, the United States is obligated to assist in response to the Request.

2. According to Portuguese authorities, there is an ongoing investigation into Yoel "Jack" Goldenberg for market manipulation. Goldenberg was the sole owner of Chartwell Pharmaceuticals, LLC. In 2016, Chartwell Pharmaceuticals, LLC agreed to acquire Compnhia Industrial Produtora de Antibioticos, S.A. (CIPAN) shares in an amount that would allow Goldenberg to have greater control over CIPAN. Goldenberg made the takeover bid public knowledge prior to the acquisition, knowing that this would increase demand for CIPAN's shares, ultimately increasing the transactional value. The shares were acquired through Fidelity Bank account numbers XXXXX9291 and XXXXX1143. These accounts are located in the United States.

3. To further the investigation, Portuguese authorities have asked U.S. authorities to provide records pertaining to account numbers XXXXX9291 and XXXXX1143 at Fidelity Bank, and to interview Goldenberg.

LEGAL BACKGROUND

4. A treasury[1] constitutes the law of the land. U.S. Const. art. VI, cl. 2. The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. See Asakura v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801);

---

[1] The term "Treaty" used herein encompasses bilateral treaties, multilateral conventions, instruments, and protocols.

United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001). The provisions of a treaty should be construed liberally "to give effect to the purpose which animates it." United States v. Stuart, 489 U.S. 353 (386) (1989) (internal quotations marks omitted). To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute. Zschernig v. Miller, 389 U.S. 429, 440-41 (1968).

5. When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512. This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.
>
> \*          \*          \*
>
> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.
>
> \*          \*          \*
>
> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

6. Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 Cong. Rec. 6,810 (2009)

(statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[2] This section provides clear authority for the federal courts, upon application duly authorized by an appropriate official of the Department of Justice, to issue orders that are necessary to execute a foreign request.

7. An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs[3] has reviewed and authorized the request, and executes the request itself or delegates execution to another attorney for the government.[4] Upon such a duly authorized application, Section 3512 authorizes a federal judge[5] to issue "such orders as may be necessary to execute [the] request," including: (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of

---

[2] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities. See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782). When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations. See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[3] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[4] "Section 3512 can be invoked only when authorized by OIA. . . . Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA." Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

[5] The term "federal judge" includes a magistrate judge. See 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

testimony or statements and/or the production of documents or other things.  See 18 U.S.C. § 3512(a)(1)--(b)(1).  In addition, a federal judge may order any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence.  18 U.S.C. § 3512(a)(1).

8. Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents.  The appointed person has authority to:  (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; and (3) take testimony or statements and receive documents or other things.  18 U.S.C. § 3512(b)(2).  In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner's Subpoena."  Any such subpoena may be served or executed anywhere in the United States.  18 U.S.C. § 3512(f).  A sample "Commissioner's Subpoena" is included as Attachment B.

## REQUEST FOR ORDER

9. As evidenced by a letter dated January 18, 2019, from the Office of International Affairs to the Office of the United States Attorney for the Eastern District of New York, the Office of International Affairs has reviewed and authorized the Request and has delegated execution to the United States Attorney's Officer for the Eastern District of New York.  Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512.  In addition, the Request was submitted by an appropriate "foreign authority," the Prosecutor General's Office in

Portugal, and seeks assistance in the investigation of market manipulation, a criminal offense in Portugal.

10. The requested Order is necessary to execute the Request, and the assistance requested, i.e., production of bank records and interviews, falls squarely within that contemplated by Section 3512 and the Treaty. Finally, this application was properly filed in this district.

11. This application is being made ex parte, consistent with U.S. practice in its domestic criminal matters. When executing a foreign request for assistance in a criminal matter, both Section 3512 and the Treaty authorize the use of compulsory process comparable to that used in domestic criminal investigations and/or prosecutions. Because subpoenas used in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), orders and commissioner subpoenas issued in execution of a foreign request pursuant to Section 3512 and the applicable treaty likewise should require no notice other than to the recipients. This is true even if the Requesting State, as here, seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply to the execution of foreign requests for legal assistance. Young v. U.S. Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987). Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person other than the recipient of any given commissioner subpoena.

12. Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, David J. Lizmi, Assistant United States Attorney, United States Attorney's Office for the Eastern District of New York (or a substitute or successor subsequently designated by the United States Attorney's Officer for the Eastern District of New York) as a commissioner, authorizing the undersigned to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to collect the evidence necessary to execute any pending request for assistance and any subsequent supplemental requests in connection with the same matter, to do so in a manner consistent with the intended use of the evidence.

    Respectfully submitted,

    ACTING UNITED STATES ATTORNEY
    SETH D. DuCHARME

By: _____
    David J. Lizmi
    United States Attorney's Office
    Eastern District of New York
    271 Cadman Plaza East
    Brooklyn, New York 11201
    (718) 254-7010
    David.Lizmi@usdoj.gov

# ATTACHMENT A

### Relevant Provision(s) of the Portuguese Criminal Code

I. <u>Decree No. 486/99 of 13 November</u>

    A. <u>Title VIII:  Crimes and Offenses of Mere Social Order</u>

        1. <u>Chapter 1, Section 1:  Crimes Against the Market</u>

            a. <u>Section 378:  Market Manipulation</u>

(1)    Whoever has an inside information:

    (a)    By virtue of his capacity as a holder of an administrative, management or supervision body of an issuer or of a shareholder in its capital; or

    (b)    By reason of the work or service he provides, on a permanent or occasional basis, to an issuer or other entity;

    (c)    By reason of his profession or public function; or

    (d)    That in any way has been obtained through an unlawful act or that implies the practice of an unlawful act; and transmits said information to someone outside the normal course of his functions or, on the basis of that information, negotiates or advises someone to trade in securities or other financial instruments or orders its subscription, acquisition, sale or alteration, directly or indirectly, for himself or someone else, shall be fined or imprisoned not more than 5 years. . . .

(2)    Whoever, under the circumstances provided for in the preceding number, has inside information and on the basis of that information orders or advises someone to order, directly or indirectly, for himself or someone else, the alteration or cancellation of an order, shall be fined or imprisoned not more than 5 years.

(3)    Any person not contemplated by number 1 above, who has inside information and transmits it to someone else or, on the basis of that information, negotiates or advises someone to negotiate in securities or other financial instruments or orders its subscription, acquisition, sale, exchange, alteration or cancellation of an order, directly or indirectly, for himself or someone else, shall be fined up to 240 days or imprisoned not more than 4 years.

(4)    Inside information is any unpublished information which, being directly or indirectly, accurate and relevant to any issuer or securities or other financial instruments, would be appropriate if given publicity, to materially influence its market price in accordance with Regulation {EU} number 596/2014 of both the European Parliament and the Council, of 16 April 2014, and its regulations and delegated acts.

(5)    Equally inside information shall include information on outstanding orders on securities or other financial instruments transmitted by clients of financial intermediaries which is not public, is precise and directly or indirectly related to issuers or financial instruments, which, if disclosed, it would be sensible to influence their price or the price of related sight contracts.

(6)    (Revoked)

(7)     With regard to commodities derivatives, "inside information" shall mean any information of a precise nature which has not been made public and which concerns, directly or indirectly, one or more of those derivative instruments or related sight commodity contracts and which traders in the markets in which they are traded would expect to receive or would be entitled to receive according, respectively, to the acceptable market practices or the disclosure regime in those markets.

(8)     If the transactions referred to in 1 to 3 above involve the portfolio of a third party, natural or legal, that is not an accused, it may be brought for court proceedings in a criminal proceeding as a civil party under the Criminal Procedure Act, for the purposes of seizure of the advantages or reparation of damages.

ATTACHMENT B

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

_____
                                                        )
IN RE APPLICATION OF USA PURSUANT    )
TO 18 U.S.C. § 3512 FOR ORDER FOR          )
COMMISSIONER'S APPOINTMENT FOR      )
INVESTIGATION OF MARKET                      )
MANIPULATION SCHEME                            )
_____)

COMMISSIONER'S SUBPOENA

TO: *[Insert Name of Entity]*

I, Commissioner *[Insert Attorney Name]*, Trial Attorney, Office of International Affairs, Criminal Division, U.S. Department of Justice, acting pursuant to 18 U.S.C. § 3512, and this Court's Order signed on *[Insert Date]*, for the purpose of rendering assistance to *[Insert Country]*, command that you provide the following documents regarding (an) alleged violation(s) of the laws of *[Insert Country]*; specifically, *[Insert Name of Offense(s)]*, in violation of Section *[Insert Number]* of the *[Insert Country Adjective]* *[Criminal][Penal]* Code:

Provide records to International Affairs Specialist *[Insert Name]* by emailing them to *[Insert Email Address]* or by mailing via FedEx either a paper copy of the records or any commonly used digital storage device loaded with the files to the following mailing address by _____, 20__:

*[Insert IAS Name, Mailing Address, Email Address, and Telephone Number]*

1

For failure to provide records, you may be deemed guilty of contempt and liable to penalties under the law.

Date: _____                                            _____
                                                                 COMMISSIONER
                                                                 *[Insert Name]*
                                                                 Trial Attorney
                                                                 Office of International Affairs
                                                                 Criminal Division, Department of Justice
                                                                 1301 New York Avenue, N.W., Suite 800
                                                                 Washington, D.C. 20530
                                                                 (202) *[Insert Number]*
                                                                 *[Insert Email Address]*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

IN RE APPLICATION OF USA PURSUANT ) 20-MC-2848
TO 18 U.S.C. § 3512 FOR ORDER FOR )
COMMISSIONER'S APPOINTMENT FOR )
INVESTIGATION OF MARKET )
MANIPULATION SCHEME )

## ORDER

Upon application of the United States seeking an order, pursuant to 18 U.S.C. § 3512, appointing David J. Lizmi, Assistant United States Attorney, Office of the United States Attorney (or substitute or successor subsequently designated by the Office of the United States Attorney), as a commissioner to execute the above-captioned request from the Portuguese Republic (the Request) to collect evidence for use in a criminal investigation, prosecution, or proceeding in Portugal, and any subsequent supplemental requests, and the Court having fully considered this matter,

IT IS THEREFORE ORDERED, pursuant to the authority conferred by 18 U.S.C. § 3512, that David J. Lizmi (or a substitute or successor designated by the Office of the United States Attorney) is appointed as a commissioner of this Court (the commissioner) and is directed to execute the Request and any subsequent, supplemental requests made by the Portuguese Republic in connection with the above-captioned investigation and prosecution and to take such steps as are necessary to collect the evidence requested in this or any subsequent, supplemental requests in connection with the same criminal matter. In doing so, the commissioner:

1. may issue commissioner's subpoenas to be served at any place within the United

States on persons (natural and legal) ordering them or their representatives to appear and to testify and/or produce evidence located within the United States;

    2.    shall adopt procedures to collect the evidence requested consistent with its use in the investigation, prosecution, or proceeding in Portugal for which the Public Prosecutor's Office in Lisbon, Portugal, has requested assistance, which may be specified in the Request or subsequent requests in this matter or provided by, or with the approval of, the Portuguese Prosecutor General's Office;

    3.    may, in collecting the evidence requested, be assisted by persons whose presence or participation is authorized by the commissioner, including, without limitation, individuals employed by U.S. law enforcement agencies and/or representatives of Portugal who, as authorized or directed by the commissioner, may direct questions to any witness;

    4.    may seek such further orders of this Court as may be necessary to execute this Request, or subsequent requests in this matter including orders to show cause why persons served with commissioner's subpoenas who fail to appear and/or produce evidence should not be held in contempt;

    5.    shall transmit the evidence collected to Portugal.

Date: November 25, 2020

UNITED STATES MAGISTRATE JUDGE
THE HONORABLE PEGGY KUO

2